UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05CV-181-R

AUSTIN ("A.J.") VALENTINE,                                                                              PLAINTIFF

v.

SOUTHERN PRIDE CATFISH TRUCKING, INC.,
and GILLIS A. MARTIN,                                                                                  DEFENDANTS

### MEMORANDUM OPINION & ORDER

This matter comes before the Court on the Defendants' Motion to Dismiss (Docket #10). The Plaintiff has responded (Docket #14), and the Defendants have replied to that response (Docket #16). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion to Dismiss is **DENIED**, but the Plaintiff shall appear for a scheduled deposition in Paducah within thirty (30) days of this order and reimburse the Defendant for all actual travel expenses incurred in appearing for the two (2) previously scheduled depositions.

### BACKGROUND

The depositions for both parties were initially scheduled for November 17, 2005, however, the depositions were postponed because of the death of the Plaintiff's attorney. Upon obtaining new counsel, the depositions were rescheduled for February 8, 2006, but the Plaintiff, Austin Valentine ("Valentine") failed to appear. One week later, on February 15, 2006, the deposition was again rescheduled. However, on February 14, 2006, Plaintiff's attorney informed the Defendants that he was unable to locate the Plaintiff. Under the joint discovery plan, the parties had until February 28, 2006, to depose the parties. After the second missed deposition, correspondence from the Defendants to the Plaintiff about this deadline included a notice that the Defendants would file a motion to dismiss should the Plaintiff fail to submit to a deposition

before the end of February 2006. On each occasion where the Plaintiff failed to show, one of the defendants, Gillis Martin ("Martin"), had traveled from Alabama to Paducah, costing the Defendant travel expenses and time away from work.

The Defendants argue that FRCP 37(d) warrants dismissal of the matter due to the Plaintiff's failure to appear to take his deposition. The Plaintiff contends that a dismissal of the matter would be highly prejudicial to Mr. Valentine because the sanction would be too harsh in light of the fact that he relocated from the Paducah area due to his employment. The Defendants replied to the Plaintiff's response asserting that the failure by Valentine to be present for his deposition demonstrates his intent to abandon his claims.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

FRCP 37(d) states:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26 c.

As listed in FRCP 37(b)(2), possible sanctions include: "(A) the designation of facts as being "established for the purposes of the action;" (B) refusing to "allow the disobedient party to support or oppose designated claims or defenses;" and (C) striking out "pleadings or parts thereof" *or dismissing the action altogether*" (emphasis added). In *United States v. Reyes*, the Sixth Circuit Court of Appeals determined that "under Rule 37(d) and (b)(2)(C), the district court ha[s] authority to dismiss the case." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.2002). The Defendants argue that dismissal of the Plaintiff's complaint is proper under FRCP 37(d) and the Sixth Circuit Court of Appeals holding in *Phillips v. Humana Health Plans of Kentucky*, Inc., 238 F.3d 423 (Table), *3-4 (6th Cir. 2000).

In *Phillips*, an ERISA case, the Court of Appeals remanded the matter back to the district court to rule on the FRCP 37(d) motion for sanctions submitted by the Defendant because the

district court had failed to rule on the motion before it ruled on the motion for summary judgment. *Phillips*, 238 F.3d 423 at *4. In the instant matter, contrary to the contention of the Defendants, the Court in *Phillips* did not explicitly hold that dismissal of a complaint was the proper remedy when a plaintiff fails to attend his/her deposition. The Court in *Phillips* emphasized that a district court uses it own discretion when determining whether or not to grant a sanction against the delinquent party. *Id.*

In looking at how a district court should use its discretion, the Sixth Circuit Court of Appeals, in *Reyes*, set out an analysis that courts should use when considering whether to dismiss an action under Rule 37, which includes: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Reyes*, 307 F.3d at 458. "The burden is on Plaintiffs to show that their failure to appear was due to an inability, not a willfulness or bad faith." *Harris v. Allstate Ins. Co.*, 2006 WL 1007900, *1 (E.D. Mich. 2006), *citing Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988).

Clearly, the Plaintiff did not appear for two scheduled depositions. This matter was initially complicated by the death of the Plaintiff's counsel. However, that only accounts for some of the problems. The Plaintiff has offered vague excuses for his failure to appear at the other scheduled depositions. The Court shall give the Plaintiff the benefit of the doubt. However, his actions do have consequences because the Defendants incurred travel expenses on two (2) occasions.

**IT IS ORDERED:**

1. The Defendants' Motion to Dismiss the Plaintiff's claim is **DENIED**;

2. The Plaintiff shall appear in Paducah for a properly scheduled deposition within the next thirty (30) days.  Failure to appear shall result in a dismissal with prejudice of all of the Plaintiff's claims; and

3. The Plaintiff shall reimburse the Defendant his actual travel expenses incurred in appearing for the previously scheduled depositions.